CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 27 2016

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD LEE HINTON, <br>     Plaintiff, | Civil Action No. 7:14-cv-00197 |
| v. | **MEMORANDUM OPINION** |
| NURSE O'CONNOR, et al., <br>     Defendants. | By:    Hon. Michael F. Urbanski <br>          United States District Judge |

Donald Lee Hinton, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. There are three claims remaining against Correctional Officers ("C/O") Anderson, Mullen, and Profit involving their alleged conduct at a hospital where Plaintiff received care after a heart attack on May 28, 2012. Specifically, Plaintiff alleges in claim 1(III) that C/Os Anderson and Mullen placed shackles, a shockbelt, and handcuffs too tightly on him, causing "excruciating pain [and] making it extremely hard to breathe" and that these officers refused to loosen the restraints. In claim 1(VII), C/Os Anderson, Mullen, and Profit refused to loosen Plaintiffs restraints so he could consume the six crackers and juice given to him by a doctor to raise his blood sugar. These defendants continued their refusal even after Plaintiff warned them that he was a diabetic and "would go into diabetic shock" without the snack. In claim 1(VIII), Plaintiff alleges he experienced physical injury via "severe chest pains" that necessitated a nitroglycerin pill because C/Os Anderson, Mullen, and Profit refused to help him consume the snack.

Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust available administrative remedies.[1] After reviewing the record, the court finds that Defendants

---

[1] A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts

are entitled to summary judgment because Plaintiff did not exhaust available administrative remedies.

The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). A defendant has the burden to prove an inmate's failure to exhaust available administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies

---

are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

2

were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).

VDOC Department Operating Procedure ("OP") 866.1, "Offender Grievance Procedure," provides the administrative remedies for inmates to resolve complaints, appeal administrative decisions, and challenge policies and procedures.[2] The process provides correctional administrators means to identify potential problems and, if necessary, correct those problems in a timely manner. All issues are grievable except issues about policies, procedures, and decisions of the Virginia Parole Board; disciplinary hearing penalties and/or procedural errors; state and federal court decisions, laws, and regulations; and other matters beyond the VDOC's control.

An inmate must file a regular grievance within thirty calendar days from the date of the occurrence or incident.[3] Notably, regular grievances that do not meet the filing requirements of OP 866.1, like being filed late, are rejected and returned to the inmate within two working days from the date of receipt.[4] An inmate may appeal an intake decision by sending the grievance and the intake decision to a regional ombudsman within five days of receipt.

Plaintiff began filing regular grievances on July 19, 2012, about the three remaining claims that allegedly occurred on May 28, 2012.[5] The grievances were rejected upon intake as untimely filed. OP 866.1 allowed Plaintiff to appeal the intake decisions, but Plaintiff failed to timely appeal all the rejected regular grievances except one. Plaintiff filed that particular

---

[2] Inmates are oriented to the inmate grievance procedure when they enter the VDOC's custody and when they are transferred to other VDOC facilities.

[3] Prior to submitting a grievance, the inmate must make a good-faith effort to informally resolve the issue by submitting an informal complaint form, which is available in housing units.

[4] A copy of the intake decision is kept in the inmate's grievance file.

[5] Plaintiff and Defendants filed copies of grievances in this case, and Plaintiff incorporated copies of informal complaints, regular grievances, and requests for services he had filed with this court in another action, Hinton v. O'Conner, No. 7:14-cv-00392.

3

grievance about the tight restraints discussed in claim 1(III) on July 19, 2012. (7:14-cv-00392, ECF No. 2 at 23-24.) The grievance was rejected as untimely, and the regional ombudsman affirmed that rejection.

Plaintiff's argument that his medical condition and treatment made it impossible to file grievances within thirty days of May 28, 2012, is not persuasive. OP 866.1 §VI(A)(1) allows a grievance to be filed within thirty days "except in instances . . . beyond the offender's control . . . ." (7:14-cv-00197, ECF No. 36-1 at 10.) Plaintiff states that he was released from the hospital on May 31, 2012; was housed in the prison's medical department on June 1, 2012; and was returned to his housing pod on June 4, 2012. The record establishes that Plaintiff had access to administrative remedies upon returning to the housing pod because he pursued numerous administrative remedies about various matters as early as June 5, 2012. Even if the court were to toll the brief period between May 28, 2012, and June 5, 2012, Plaintiff still did not file a regular grievance within the subsequent thirty-day period; instead, he waited until July 19, 2012.

Plaintiff has not provided any evidence that administrative remedies were not available to him or that he properly pursued available administrative remedies as required by OP 866.1. Accordingly, Defendants are entitled to summary judgment pursuant to 42 U.S.C. § 1997e(a).

ENTER: This 27th day of May, 2016.

/s/ Michael F. Urbanski
United States District Judge

4