CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 20 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD LEE HINTON,<br>    Plaintiff, | Civil Action No. 7:14-cv-00197 |
| v. | ORDER |
| O'CONNER, et al.,<br>    Defendants. | By: Hon. Michael F. Urbanski<br>United States District Judge |

Plaintiff Donald Lee Hinton, a Virginia inmate proceeding pro se, filed a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure Rule 59(e), after the court granted a motion for summary judgment due to Plaintiff's failure to exhaust available administrative remedies.[1] See 42 U.S.C. § 1997e(a). Under Rule 59(e), a party may make a motion to alter or amend a judgment under very limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).

None of Plaintiff's arguments, which he could have raised before the judgment was issued, entitle him to relief. See, e.g., Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."); United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) (recognizing a motion for reconsideration that is nothing more than a request that the district court change its mind is not authorized). Plaintiff cannot excuse his failure to exhaust available administrative remedies

---

[1] A motion served within twenty-eight days of entry of judgment which calls into question the correctness of that judgment should be construed as a motion to alter or amend the judgment under Rule 59, regardless of how motion is formally styled. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

with the citations to state law or justifications for "special circumstances." See, e.g., Ross v. Blake, No. 15-339, 2016 WL 3128837, at *5, 2016 U.S. LEXIS 3614, at *11-12 (U.S. June 6, 2016). Accordingly, Plaintiff's Rule 59(e) motion is **DENIED**, and his motion for an extension of time to respond to the motion for summary judgment in this closed case is **DENIED as moot**.[2]

It is so **ORDERED**.

ENTER: This 20th day of June, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[2] The court notes that it issued a Roseboro notice on October 16, 2015, that directed Plaintiff to file a response to the motion for summary judgment within twenty-one days. The court granted Plaintiff's motion for an extension of time, and the court received Plaintiff's response to the motion for summary judgment on November 9, 2015.

2